BEER, Judge.
Appellee, Leonard Rogers, instituted this civil action for damages against the employer (and its insurer) of McAmis White, a security guard assigned to the W. T. Grant store on Canal Street. The jury returned a unanimous verdict in his favor in the amount of $24,453.75. Appellants have sus-pensively appealed.
The incident at issue occurred on the afternoon of December 4, 1975, at which time the store was advertising a “going out of business” sale. Rogers testified that he entered through an opened doorway, walked a short distance into the store, found nothing of interest and, intending to leave, walked back to the door through which he had entered. He did not see any signs directing traffic. White was standing by the opened door. Rogers testified that White told him he could not go out that way and pointed to the back of the store, directing him to go back into the store and exit by way of the back door. Rogers testified that he already was walking out by way of the front door and that he glanced around quickly and walked out. He carried no packages. He explained that his back was to White and that either his back or his left shoulder may have brushed against White. After walking a short distance past the doorway, two security guards grabbed him by the arms and pulled him back into the store. They held his arms behind his back so that he could not move. He was then taken, against his will, up a flight of stairs inside the store to the office. He testified that he, thereupon, asked the store manager to call the police, who, when they arrived, arrested him for assaulting the security guard. He was released from central lockup about one hour later and returned home. He was dazed and upset and was experiencing pain in his arm and shoulder.
White testified that it was his duty to check customers as they left the store. He understood his assignment to include prohibiting people from exiting via the “entrance” door. He testified that upon upon being advised to exit via the rear door, Rogers grabbed him by the collar with his (Rogers’) right hand. However, Rogers and his wife testified that he had only limited use of his right hand. White admitted that he did, thereafter, force Rogers back into the store and upstairs to the office, holding his (Rogers’) hands behind his back.
White’s version of what took place was corroborated by William Stewart, another security guard, who witnessed the incident. He explained that the doors were marked with signs (entrance/exit) in order to maintain the flow of traffic but acknowledged that it was not unusual to raise the ropes between the door and the registers to let an elderly person out. According to Stewart, White requested that Rogers use the other door and Rogers replied that he did not want to and then shoved White.
The evidence, although conflicting, constitutes an acceptable basis for the jury’s conclusion that this 70-year-old plaintiff had an afflicted right hand and was not the aggressor.
Even so, appellants further contend that the general damage award is so excessive as to be manifestly erroneous. The award is apparently based upon special damages of $1,953.75 and general damages of $22,500.
*612 Rogers was seen by Dr. Harold Stokes, an orthopedist, on December 6th. He recommended bed rest for his arm and shoulder pain. On December 16th, Rogers experienced a fall due to dizziness. Also, he continued to be affected by shortness of breath.
Dr. Murrel Kaplan, an expert internist, testified that he had attended Rogers since November of 1974. He saw Rogers on December 17th, after Rogers called him for an appointment complaining of weakness, fatigue and lightheadedness. Between Rogers’ call for an appointment and the actual appointment itself, Rogers fell as noted above, causing pain to his ribs and chest. Thus, on December 17th, Dr. Kaplan hospitalized Rogers for nine days, primarily for complete bed rest. By the first week of February, 1976, Dr. Kaplan and Dr. Allen Goldman, a cardiologist, concluded that Rogers had gotten over the upsetting effects of the incident although both physicians were of the view that the experience itself was sufficient to have caused the need for the above noted hospitalization, notwithstanding the fall on December 16th.
We believe that the general damage award is so excessive as to be an abuse of discretion. Accordingly, following Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and its progeny, we limit our modification so as to decrease the award only to an amount that is the maximum which would not have constituted such abuse and, accordingly, set the award at $11,953.75. Thus amended, the judgment is affirmed. Each party is to bear its own costs of this appeal.

AMENDED AND, AS AMENDED, AFFIRMED.